IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

     Plaintiff,

                08-cv-370-bbc
                07-cr-130-bbc

  v.

BRIAN D. CROSS,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant Brian D. Cross has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he is eligible for such relief because he entered his guilty plea involuntarily and unintelligently, his attorney was constitutionally ineffective and he was denied his right to appeal from his sentence. Defendant's first and second claims overlap, so I will consider them together as one claim. That claim will be denied; I will reserve a ruling on the other claim that defendant was denied his right to appeal until an evidentiary hearing can be held.

  It is probably fortunate for defendant that his first and second claims can be denied immediately. It is unlikely that when he filed his motion he realized that prevailing on these

1

claims would mean that his guilty plea would be revoked.  If that were to happen, he would have had to choose between going to trial or entering a new plea with no guarantee that he would receive the same sentencing break he received at his original sentencing.  (His sentence was 59 months below the bottom of the advisory guideline sentencing range.)  If he went to trial, the government's evidence against him would be very difficult to overcome, if not impossible.  The government could introduce the cocaine and digital scale found in his house during the execution of a search warrant, along with his admissions to having sold cocaine for several years.  Given the consequences defendant might suffer if his motion succeeds, one has to wonder whether he really understands why he is moving for relief or whether he is filing this motion at the urging of someone else at the prison who has his own reasons for persuading defendant to challenge his conviction and sentence.

  As to his claims of an involuntary and unknowing guilty plea, defendant says that his lawyer promised him a sentence of no more than 60 months and never warned him that the court would rely on prior convictions that were more than 33 years old, with the result that he was sentenced to almost twice the amount he had agreed to with the government and his attorney.  He alleges that he would never have entered a guilty plea had he known that his attorney's information was not accurate.  In support of his claim, defendant has attached an affidavit from his wife Caryl, who avers that her husband's attorney came to their house to discuss a plea agreement that would have had her husband serving between 51 to 71 months

in prison and that her husband agreed to the proposal after a lengthy discussion among the three of them.

Defendant's allegations about promises made to him by his attorney are rebutted by his own statements at the plea hearing, where he told the court that no one had made any promises to him other than those incorporated into the written plea agreement he had signed, no one had told him he was going to get a certain sentence and he understood that the sentence actually imposed could be different from any he had discussed with his counsel; in fact, he was told that the sentence could be as much as 20 years. Defendant cannot overcome his statements to the court in the formal plea hearing with mere allegations about what his counsel told him. United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over his later claims [that he would not have pleaded guilty.]").("'[the record of a Rule 11 proceeding is entitled to a "presumption of verity" . . . and the answers therein are binding.'" (quoting United States v. Winston, 34 F.3d 574, 578 (7th Cir. 1994)). See also United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.").

"A proper plea colloquy informs the defendant of the contingent nature of the

3

sentence." United States v. Barnes, 83 F.3d 934, 938-39 (7th Cir. 1996) (citing Fed. R. Crim. P. 11(e)(3)). A defendant who knows the nature of the charge against him, who admits the facts on which the charge is based, who knows the maximum sentence to which he can be sentenced and who knows that his sentence will be influenced by the application of the guidelines to the facts cannot claim mistake or lack of adequate knowledge. Id. at 939. "'The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.'" United States v. Gomez, 326 F.3d 971, 975 (8th Cir. 2003) (quoting Brady v. United States, 397 U.S. 742, 757 (1970)).

Even if some question remained about the binding effect of defendant's statements at his plea hearing, defendant would still have to prove that he would have gone to trial had he been unable to reach a satisfactory plea agreement. He has not submitted any evidence to suggest he would have gone to trial or explained how he might have been able to overcome the evidence against him. He has not even said that he would have gone to trial. United States v. Rodriguez-Luna, 937 F.2d 1208, 1215 (7th Cir. 1991) (defendant must show more than that he would not have pleaded guilty if he had received correct advice; evidence that defendant would have been unlikely to succeed at trial tended to disprove his claim that he would have proceeded to trial).

The affidavit submitted by his wife does not help defendant. Like the affidavit

4

submitted in <u>Gargano v. United States</u>, 852 F.2d 886 (7th Cir. 1988), Caryl Cross's affidavit does not say that defendant would have gone to trial had he not been induced to enter a mistaken guilty plea:

> The affidavit, however, does not state that the petitioner would have insisted on going to trial; it states only that the petitioner, had he been better advised, would not have accepted the sentence or entered into that agreement. We have already held that mere allegations by a defendant that he would have pleaded differently and insisted on going to trial are insufficient to establish prejudice, <u>Key v. United States</u>, 806 F.2d 133, 139 (7th Cir.1986).

<u>Id.</u> at 891.

Deciding whether to enter a plea of guilty is a difficult decision. A defendant must rely upon his counsel for advice but he has no guarantee that counsel will make the correct prediction. At most, he is entitled to counsel that makes a reasonable investigation of the facts and an analysis of the application of the sentencing factors to those facts. <u>United States v. Barnes</u>, 83 F.3d 934, 940 (7th Cir. 1996) ("A defendant can prove that his attorney's performance was deficient if he shows that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him.").

As with any other claim of ineffectiveness, defendant must show that his attorney's conduct fell below the wide range of reasonable professional assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). Defendant has not adduced any such proof that

5

his counsel's advice to him was unreasonable or unprofessional. The mere fact that it was wrong is not sufficient. Even the best lawyer's good faith evaluation of a probable sentence can turn out to be mistaken on the facts or as to what a court's judgment will be on those facts. United States v. Arvanitis, 902 F.22 489, 494 (7th Cir. 1990). I conclude that defendant has failed to show that he entered his guilty plea involuntarily and unintelligently because his attorney did not give him effective assistance.

This brings the discussion to defendant's third claim, which is that he asked his counsel to take an appeal from his sentence and counsel never filed such an appeal. A look at the record raises questions about the accuracy of this claim. It shows that defendant's attorney did file an appeal, ordered the transcripts and moved to enlarge the time for briefing before moving to dismiss the appeal. The most likely explanation of these actions is that defendant asked for an appeal but later changed his mind. The record does not appear to support the idea that counsel refused to take an appeal or forgot to do so. However, I cannot say that defendant can prove no facts to support his claim, so it will be necessary to hold an evidentiary hearing on the matter.

I will ask the Federal Defender to appoint new counsel to represent defendant at an evidentiary hearing, to be held as soon as counsel is ready. Once the hearing date is set, the clerk of court will arrange for defendant's appearance in court in Madison for the hearing.

ORDER

6

IT IS ORDERED that defendant Brian D. Cross's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED as to his claims that his guilty plea was unknowing and involuntary because his attorney gave him constitutionally ineffective advice. A ruling on defendant's third claim for relief is RESERVED, pending the holding of an evidentiary hearing on the matter.

Entered this 28th day of August, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge